25 F.3d 1115
 306 U.S.App.D.C. 409
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
James A. ALSTON
v.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY.
 No. 93-7038.
 United States Court of Appeals, District of Columbia Circuit.
 June 2, 1994.
 
 Before: Williams, Sentelle, and Rogers, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from the judgment of the United States District Court for the District of Columbia, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir. Rule 36(b). For the reasons stated in the accompanying memorandum, it is ORDERED and ADJUDGED by the Court that the judgment of the District Court is affirmed.
 
 
 2
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41(a).
 
 MEMORANDUM
 
 3
 The Washington Metropolitan Area Transit Authority ("WMATA") appeals from the final judgment entered on a trial jury's verdict against it, and from the denial of its postverdict motion for a new trial. The jury found WMATA liable for back injuries that James A. Alston allegedly sustained in an accident involving a WMATA bus, and it assessed his damages at half a million dollars. WMATA now seeks a new trial on the issue of damages.
 
 
 4
 WMATA's appeal centers on the district court's decision to admit the expert testimony of Dr. Herman P. Miller, an economist who testified that the present value of Alston's net loss of earnings was $441,941. During trial, WMATA filed a timely motion to exclude Dr. Miller's testimony, on the grounds that the record evidence did not support his assumption that Alston would never work again. The district court denied this motion. The sole question for our review is whether this decision was erroneous; Alston does not contest that the testimony, if erroneously admitted, was prejudicial.
 
 
 5
 As a matter of law, Dr. Miller's testimony was properly admissible only if a rational jury could have found, by a preponderance of the evidence, that the factual assumption on which it was predicated was true. Fed.R.Evid. 104(b); Huddleston v. United States, 485 U.S. 681, 690 (1988). Whether this standard was met depends on the testimony of plaintiff's medical expert, Dr. Rida N. Azer. In his direct examination, Dr. Azer testified that Alston suffered from certain "permanent limitations": "He should avoid ... unprotected heights, ... kneeling, squatting, pushing, pulling, and lifting heavy objects; and doing anything strenuous...." If he ignored these limitations, Dr. Azer suggested, Alston risked getting worse and necessitating "a horrendously big operation" whose results "are not extremely promising".
 
 
 6
 Initially, Dr. Azer indicated that despite his limitations, Alston was capable of working at a desk job without incident as long as he did not sit down for more than two hours at a stretch. Immediately thereafter, however, Dr. Azer gave the following testimony:
 
 
 7
 Q. Doctor, is he capable of working at this point in time?
 
 
 8
 A. As what?
 
 
 9
 Q. Whatever?
 
 
 10
 A. I think no. I think really--remember, he hasn't done well, and I think, bearing in mind that we're trying to limit anything that would aggravate it and make him need surgery as an emergency measure for more nerve damage, I think he shouldn't.
 
 
 11
 Despite the dissent's suggestion, Dr. Azer never unambiguously abandoned this position. Based on Dr. Azer's testimony, we think that a rational jury could find, by a preponderance of the evidence, that Alston could not work again without risking further deterioration. Accordingly, we agree with the district court that Dr. Miller's testimony was admissible, and we affirm the district court's judgment and its denial of WMATA's motion for a new trial.